## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| TIFFANY MONTGOMERY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CIV. ACT. NO. 1:20-cv-316-TFM-C |
| CENTRAL LOAN ADMINISTRATION & REPORTING, M&T BANK, and LAKEVIEW LOAN SERVICING, LLC, | ) ) ) ) ) |
| Defendants. | ) |

## ORDER

Pending before the court is a *Stipulation of Dismissal with Prejudice* (Doc. 119, filed 08/07/23) in which the parties jointly agree to dismiss all claims against Defendants Central Loan Administration & Reporting ("CENLAR") and Lakeview Loan Servicing, LLC ("Lakeview") with prejudice.  The Rules of Civil Procedure permit a plaintiff to voluntarily dismiss an action without an order of the court "by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment" or "a stipulation signed by all parties who have appeared." FED. R. CIV. P. 41(a)(1)(A).  A request to dismiss an action requires a court order and dismissal by terms the court considers "proper" if Fed. R. Civ. P. 41(a)(1) does not apply. FED. R. CIV. P. 41(a)(2).

The Court has the authority to dismiss all claims against a defendant under Fed. R. Civ. P. 41 even if there are other defendants in the case. *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004) ("[Fed. R. Civ. P.] 41 allows a plaintiff to dismiss all of his claims against a particular defendant . . . ."); *see also Plain Growers, Inc. ex rel. Florists' Mut. Ins. Co. v. Ickes-Braun Glasshouses, Inc.*, 474 F.2d 250, 254 (5th Cir. 1973) ("There is little merit in the argument that the court could not dismiss the action as to less than all defendants upon motion [under (a)(2)]

. . . ."); *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*) (adopting all decisions of the former Fifth Circuit announced prior to October 1, 1981, as binding precedent in the Eleventh Circuit).

In *Rosell v. VMSB, LLC*, the Eleventh Circuit reiterated the point that this Court has long adhered to – that is, Rule 41(a) allows a district court to dismissal claims against a particular defendant because "an 'action' can refer to all claims against one party. 67 F.4th 1141, 1144 n. 2, (11th Cir. 2023) (citing *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004)).

Here, the parties do not indicate in their stipulation of dismissal whether it is under Rule 41(a)(1) or 41(a)(2). The main difference is whether the document is immediate and self-effectuating which is the case under Rule 41(a)(1). *See Estate of West v. Smith*, 9 F.4th 1361, 1367-1368 (11th Cir. 2021) (noting that a Rule 41(a)(1) is a self-executing rule that is effective immediately, that any court order is a nullity, and divests the Court of jurisdiction.). Whereas Rule 41(a)(2) requires Court review and an approval.

Though they do entitle the document a stipulation of dismissal, the Court notes that it is only signed by Defendants CENLAR and Lakeview and does not reference Defendant M&T Bank. Both M&T Bank and Lakeview were dismissed at the summary judgment stage. However, a final judgment had not been entered due to the remaining claim against CENLAR. As it does not appear that the document can fall under Rule 41(a)(1), the Court construes it as a motion to dismiss filed pursuant to Fed. R. Civ. P. 41(a)(2) as the Court may grant it and then enter judgment as to M&T Bank. The basis for this conclusion is that the stipulation is missing the signature of Defendant M&T Bank and therefore has not been signed by <u>all</u> parties who have <u>appeared</u>. Although the Court ruled in favor of M&T Bank in its opinion and order on the motion for summary judgment, the ruling on the motion for summary judgment is not a final judgment and therefore, it is still technically a party in this action until the Court enters final judgment. *See* FED. R. CIV. P. 58.

Based on the above, the stipulation of dismissal (Doc. 119) is **CONSTRUED** as a Motion to Dismiss and is **GRANTED** and Defendants CENLAR and Lakeview are **DISMISSED with prejudice** with each party to bear their own attorney's fees and costs.

Final judgment will be entered in a separate order as to Defendant M&T Bank.

**DONE** and **ORDERED** this the 8th day of August 2023.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE